Carol CHESEMORE, Daniel Donkle, Thomas Gieck, Martin Robbins, and Nannette Stoflet, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

ALLIANCE HOLDINGS, INC., A.H.I., Inc., David B. Fenkell, Pamela Klute, James Mastrangelo, Stephen W. Pagelow, Jeffrey A. Seefeldt, Alpha Investment Consulting Group, LLC, and John Michael Maier, Defendants,

and

Trachte Building Systems, Inc. Employee Stock Ownership Plan and Alliance Holdings, Inc. Employee Stock Ownership Plan and Trust, Nominal Defendants.

Misc. No. 10–0069 (PAM/JJG).

United States District Court, D. Minnesota.

Oct. 13, 2010.

Andrew–Na W. Erlandson, R.-Na Joseph Barton, Brian L. Williams, Gustafson Gluek PLLC, Minneapolis, MN, Monya M. Bunch, Robyn M. Swanson, Cohen Milstein Sellers & Toll PLLC, Washington, DC, for Plaintiffs.

## ORDER

JEANNE J. GRAHAM, United States Magistrate Judge.

This matter is before the Court on Plaintiffs' Motion to Compel Discovery from Nonparty McGladrey & Pullen, LLP (Doc. No. 1). For the reasons set forth below, the Court grants the motion in part.

This dispute arises from a subpoena issued from the District of Minnesota and served on McGladrey & Pullen, LLP ("McGladrey"). Through the subpoena, Plaintiffs requested documents related to McGladrey's audited annual financial statements of Alliance Holdings, Inc. ("Alliance") and Alliance's former subsidiary, Trachte Building Systems, Inc. ("Trachte"). Plaintiffs are suing Alliance in an action pending in the Western District of Wisconsin ("the Wisconsin Action"). Because McGladrey is not a party to that action and is located in Bloomington, Minnesota, Plaintiffs commenced this miscellaneous case here as a means to compel the production of documents responsive to the subpoena.

The Wisconsin Action is a putative ERISA class action brought by participants and beneficiaries of the Trachte employee stock ownership plan ("ESOP"). Trachte employees participated in the Alliance ESOP until August 29, 2007, when their ESOP accounts were spun-off to create a new Trachte ESOP. Alliance shares were exchanged for Trachte shares, and the Trachte ESOP purchased all remaining Trachte shares. A year later,

Trachte's stock was worthless and the company was bankrupt. Plaintiffs and McGladrey agree that a central issue in the Wisconsin Action is the value of the Trachte and Alliance stock at the time of the 2007 transaction.

McGladrey served as the outside, independent auditor for Trachte from 2005 through 2008 and has audited Trachte's and Alliance's year-end financial statements since 2005. The independent fiduciary for the 2007 transaction, Alpha Investment Consulting Group, LLC ("Alpha"), relied on McGladrey's 2005 and 2006 audited statements in determining that the 2007 transaction was in the best interest of the Trachte ESOP plan participants and that the purchase price was adequate. Alpha is also a defendant in the Wisconsin Action. Plaintiffs have obtained the audited annual financial statements, but they also want all work papers associated with the audits of Alliance and Trachte for the time period of January 1, 2005 through the present.

Relevance is the standard governing this discovery dispute. A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R.Civ.P. 26(b)(1). Relevant information has been described as "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978) (citation omitted). A nonparty served with a subpoena is subject to the same scope of discovery as a party. *See* Fed.R.Civ.P. 45 advisory committee note (1991 amendment).

The Court finds that McGladrey's work papers related to the 2005, 2006, and 2007 audited annual financial statements for Trachte and Alliance are reasonably calculated to lead to the discovery of admissible evidence and must be produced. These work papers relate to audits for years proximate to the 2007 transaction and likely contain underlying details of the audits, opinions and projections of management, summaries of interviews with corporate personnel, evaluations of Trachte's and Alliance's reserves and exposure to liability, and assessments of Trachte's and Alliance's positions in their financial statements. Such information bears on the valuations of the Trachte and Alliance stock at the time of the 2007 transaction. Additionally, because Alpha relied on McGladrey's 2005 and 2006 audits in assessing the propriety of the 2007 transaction and purchase price, work papers related to those years could bear on the reasonableness of Alpha's conclusions. On the other hand, the Court finds that work papers from 2008 to the present are unlikely to contain relevant information and thus must be produced only if they specifically relate to the 2007 transaction or the valuation of Alliance or Trachte stock on the date of the transaction.

The Court rejects McGladrey's argument that its counsel and Plaintiffs' counsel reached a binding "accord" concerning the production of the work papers. It is clear from the communications between counsel that Plaintiffs' counsel expressly reserved the right to request additional documents after McGladrey's initial production. Finally, to alleviate McGladrey's confidentiality concerns, the Court reminds McGladrey that it may produce the work papers pursuant to the protective order in the Wisconsin Action, or Plaintiffs and McGladrey may agree to other terms.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Discovery from McGladrey & Pullen LLP (Doc. No. 1) is **GRANTED IN PART** and **DENIED IN PART** as set forth fully herein. McGladrey must produce the information by Monday, October 25, 2010, unless the parties agree otherwise.